By the Court.—Curtis, Ch. J.
This action is to recover for a pro rata of loss upon a policy of insurance. The defenses were, that plaintiff omitted to serve proofs of loss, and that he did not begin suit within twelve months next after the loss, as required by the conditions of the policy.
The fire occurred January 26,1873. Due notice was given of the loss; the amount of which was fixed and determined by appraisers chosen by both parties, on February 1, 1873. A son of the plaintiff was arrested upon a charge of setting the premises on fire.
The plaintiff called- two witnesses, who testified to a statement made by the defendant’s secretary, about February after the fire, to the plaintiff, when he threatened to sue, to the effect that it was of no use to sue, as the defendants were willing to pay their pro rata share as soon as the boy was discharged. The boy was discharged about June 4, 1874, and this suit was commenced in July, 1874.
The secretary of the company admits knowledge of the boy’s arrest, the notice and appraisal of loss, and the demand and threat to bring suit; but denies that he made the alleged statement in reply. There was other testimony on the part of the defendants, showing a conversation in June, 1874, on the subject of this *24 loss, between the secretary and one of the plaintiff’s witnesses, Mr. Harlem. The latter testified that he was also there at a second or third interview in June, after the boy’s discharge, with one L. Morris, who asked the secretary why they did not pay, and he said he was not sure the boy was discharged, and refused to pay.
It was for the jury to pass upon this conflict of evidence, to find whether any witness testified falsely, or whether the secretary of the company might not have forgotten the first interview, happening shortly after the appraisement. The disposition of it lay within their province, and the case fails to disclose any such preponderance of evidence in the defendant’s favor, as calls for granting a new trial. It was the right of the jury to seek to reconcile the testimony; and the mode in which it could be done was indicated in the judge’s charge. Unless the plaintiff was induced by some act of the defendant, it is hardly probable he would have failed to present proofs of loss, and sue within the time specified in the policy.
The court also charged the jury, that if they found this promise to .pay without suit on young Solomon’s discharge was made, it was for them to consider whether that promise, together with the fact of the appraisement being voluntarily made by the defendant, had the effect on the plaintiff’s mind of preventing his taking steps to present further and detailed proofs of loss, and whether it had the further effect of preventing the bringing of the action upon the policy; and that, if they found affirmatively, the plaintiff was entitled to recover the loss as adjusted. There was no error in this.
It is insisted that the defendants are not bound by any such statement as their secretary is claimed to have made ; but if they hold 1pm out to parties insured, to represent them in respect to losses, and speak for them at their office, in negotiations for the settle *25 ments and appraisements of losses, it is inconsistent with good faith towards parties who have rested relying upon his statements or promises, to raise technical objections to his authority to bind them. The company cannot justly allow one of its officers to mislead persons under such circumstances, and after inducing them to omit presenting proofs of loss or commencing suit in time, take advantage of such omission by questioning their officer’s power (Amey v. New York Union Ins. Co., 14 N. Y. 266; Ripley v. Ætna Ins. Co., 30 Id. 164; Dickerson v. Wason, 47 Id. 439).
The evidence does not sustain the objection, that the judgment must be reversed because it affirmatively appeared that the plaintiff was not the owner of the claim when the suit was commenced.
The judgment appealed from should be affirmed with costs.
Speir, J., concurred.